IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN JUANA ELIZABETH ESTRADA | § | |
| INDIVIDUALLY AS NEXT FRIEND | § | |
| OF M.E.E., minor | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-19-12 |
| | § | |
| FIRST CLASS TRANSPORT, INC. | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF, SAN JUANA ELIZABETH ESTRADA INDIVIDUALLY AS NEXT FRIEND OF M.E.E., complaining of and about FIRST CLASS TRANSPORT, INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

1. PARTIES

1.1    Plaintiff, San Juana Elizabeth Estrada individual as next friend of M.E.E. reside in Brownsville, Cameron County, Texas.

1.2    Defendant, FIRST CLASS TRANSPORT, INC., is a Foreign Company stationed in Mississippi and is organized under the laws of the State of Mississippi.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Xpress Financials, at 20922 Wildflower Road, Gulfport, Mississippi 39540, its registered office.  Service of said Defendant as described above can be effected by certified mail.

## 2. Jurisdiction and Venue

2.1     This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3. Factual Background

### The Collision

3.1     This lawsuit concerns a severe motor vehicle collision which occurred on September 17, 2017.  The collision occurred between a 2001 Mercury Sable and a 2016 Kenworth Tractor Trailer which was driven by, Charles Warren Madere III under the authority and control of Defendant, FIRST CLASS TRANSPORT, INC.  At the time of the collision, minor, M.E.E. was a passenger in the 2001 Mercury Sable vehicle.

3.2     The vehicular collision occurred on a Sunday evening at the intersection of S. Indiana Avenue, and Utah Road, within the limits of Brownsville, Texas. With respect to the area where the collision occurred, S. Indiana Avenue and Utah Road both consist of two-way streets. The intersection is controlled by a stop sign and yellow caution lights.

3.3     Mrs. San Juana Elizabeth Estrada was at a stop sign facing east on Utah Road, attempting to turn right onto S. Indiana Avenue, at the time of the collision.  At the same time, Mr.

Charles Warren Madere III was on S. Indiana Avenue, facing south. The incident ensued when Mr. Madere III was backing up and didn't see Plaintiff's vehicle, thereby causing this collision.

### THE INJURIES

3.4 San Juana Elizabeth Estrada suffered physical and emotional injuries as a result of this collision. Including, but not limited to cervical and lumbar sprains/strains. Multiple disc bulges and herniations to her lower back and neck. Mrs. Estrada has undergone extensive physical therapy, daily medication, and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management and the results from the discogram, she underwent a lumbar laminectomy, to alleviate the pain to her lower back and neck. In all probability Mrs. Estrada, will continue to incur medical expenses in the future to allay her pain. Mrs. Estrada was healthy prior to this collision.

3.5 Minor, M.E.E. suffered physical and emotional injuries as a result of this collision. Including, but not limited to cervical and lumbar sprains/strains. Multiple disc bulges to her neck and lower back. Minor, M.E.E. has undergone extensive physical therapy and daily medication, to control the pain caused by the injuries sustained in this vehicular collision. In all probability Minor, M.E.E. will continue to incur medical expenses in the future to allay her pain. Minor, M.E.E. was healthy prior to this collision.

### THE EMPLOYMENT RELATIONSHIP BETWEEN THE DEFENDANT AND THE RESULTING VICARIOUS LIABILITY

3.6 At the time of the collision which is the subject of this cause of action, and at all other relevant times, Charles Warren Madere III was an employee of FIRST CLASS TRANSPORT, INC., who was acting within the course and scope of his employment. In this

regard, Charles Warren Madere III was an employee insofar as the master-servant relationship under common law is concerned.

3.7   Alternatively, and at all relevant times herein, Charles Warren Madere III was a "statutory employee" under the statutory employee doctrine.  In this regard, an intrastate motor carrier (such as FIRST CLASS TRANSPORT, INC.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches.  As a result, Defendant, FIRST CLASS TRANSPORT, INC., had exclusive control of the truck which Charles Warren Madere III was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the vehicle at all relevant times.  As a result, FIRST CLASS TRANSPORT, INC., is vicariously liable in this cause of action as a matter of law for any and all negligence of Charles Warren Madere III.

3.8   Alternatively, FIRST CLASS TRANSPORT, INC., is vicariously liable with respect to all negligence of Charles Warren Madere III under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

### 4. CAUSE OF ACTION AGAINST DEFENDANT
### NEGLIGENCE OF CHARLES WARREN MADERE III & RESPONDEAT SUPERVISOR

4.1   Defendant, FIRST CLASS TRANSPORT, INC., is the responsible party defendant for the actions of its employee, Charles Warren Madere III acting within the course and scope of his employment.

4.2.   Under the doctrine of respondeat superior, Defendant, FIRST CLASS TRANSPORT, INC., is vicariously liable for the actions of its employee, Charles Warren Madere

III while in the course and scope of his employment. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, FIRST CLASS TRANSPORT, INC.'s employee in one or more of the following particulars:

4.2.1 In that Charles Warren Madere III failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

4.2.2 In placing Plaintiff in a position of peril due to Charles Warren Madere III's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

4.2.3 In that Charles Warren Madere III failed to back his vehicle safely and without the interference with Plaintiff's vehicle in violation of §545.415 of the Texas Transportation Code;

4.2.4 In that Charles Warren Madere III failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Charles Warren Madere III's motor vehicle which would permit Charles Warren Madere III, to safely change lanes without colliding into Plaintiff's motor vehicle;

4.2.5 In that Charles Warren Madere III was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4.2.6 In that Charles Warren Madere III failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.7 In that Charles Warren Madere III failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of

      ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

  4.2.8  In that Charles Warren Madere III failed to apply his brakes to his motor vehicle in a timely and prudent manner;

  4.2.9  In failing to exercise reasonable care to protect the safety of others who are using the roadways;

  4.2.10  In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

  4.2.11  In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision; and/or

  4.2.12  In that Charles Warren Madere III was negligent by failing to operate a vehicle of this type in a reasonably prudent or responsible manner.

4.3  Plaintiff's injuries were proximately caused by Charles Warren Madere III negligent, careless and reckless disregard of said duty.

## 5. CAUSE OF ACTION AGAINST DEFENDANT
## NEGLIGENCE OF FIRST CLASS TRANSPORT, INC.

5.1  On September 17, 2017, Defendant, FIRST CLASS TRANSPORT, INC., was the owner of the vehicle driven by Charles Warren Madere III. Defendant, FIRST CLASS TRANSPORT, INC., <u>negligently entrusted</u> the vehicle to Charles Warren Madere III, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that Charles Warren Madere III was a reckless and incompetent driver.

5.2  Furthermore, and alternatively, FIRST CLASS TRANSPORT, INC., owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that

Plaintiffs' Original Complaint|                                                        Page 6 of 9

duty by negligently <u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, Charles Warren Madere III consisting of, but not limited to the following:

    5.2.1    In failing to exercise ordinary care in implementing adequate training procedures for drivers;

    5.2.2    In failing to exercise ordinary care in implementing adequate continued education for all drivers;

    5.2.3    In failing to exercise ordinary care in implementing adequate supervision procedures;

    5.2.4    In failing to adequately screen Charles Warren Madere III driving record prior to hiring him; and/or

    5.2.5    In failing to exercise ordinary care in determining whether Charles Warren Madere III was competent enough to be hired.

5.3    Each of the aforementioned negligent acts or omissions of the Defendant, FIRST CLASS TRANSPORT, INC. constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

### 6. DAMAGES FOR SAN JUANA ELIZABETH ESTRADA

6.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, San Juana Elizabeth Estrada was caused to suffer bodily injuries, and to incur the following damages:

    6.1.1    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, San Juana Elizabeth Estrada for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

    6.1.2    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  6.1.3 Physical pain and suffering in the past and in the future;

  6.1.4 Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

  6.1.5 Loss of earning capacity in the past and which will, in all probability, be incurred in the future; and

  6.1.6 Mental anguish in the past and in the future.

### 7. DAMAGES FOR MINOR, M.E.E.

7.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Minor, M.E.E., was caused to suffer bodily injuries, and to incur the following damages:

  7.1.1 Reasonable medical care and expenses in the past. These expenses were incurred by Minor, M.E.E., for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

  7.1.2 Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  7.1.3 Physical pain and suffering in the past and in the future;

  7.1.4 Physical impairment in the past and which, in all reasonable probability, will be suffered in the future; and

  7.1.5 Mental anguish in the past and in the future.

### 8. PRE/POST JUDGMENT INTEREST

8.1 To the extent provided by law, Plaintiff further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff and minor plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn

interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, San Juana Elizabeth Estrada individually as next friend of M.E.E., respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By:   */s/ Daniel Torres*

Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877